# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **FANNIE MACON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 3:21-cv-724 |
| | ) |
| **ALABAMA CVS PHARMACY L.L.C.** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL OF DEFENDANT, ALABAMA CVS PHARMACY L.L.C.

**COMES NOW**, Defendant, **ALABAMA CVS PHARMACY L.L.C. (CVS)** and gives Notice of Removal of this action from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a) and (d) and 28 U.S.C. §1441(a). As further support of removal of this action, Defendant would show as follows:

### State Court Action.

1. Plaintiff, Fannie Macon, filed this action in the Circuit Court of Macon County, Alabama, on or about October 8, 2021 (Civil Action No. 46-CV-2021-900112). Copies of the Summons and Complaint and all other pleadings that were served on the Defendant on or about October 12, 2021, are attached as Exhibit 1. A

complete copy of the record maintained by the Clerk of the Circuit Court of Macon County, Alabama is attached as Exhibit 2.

2.  Pursuant to 28 U.S.C. § 1446(d), Defendant's counsel is this same date filing a copy of this Notice of Removal in the Circuit Court of Macon County, Alabama, and is serving Plaintiff with a copy by and through her counsel.

## Diversity of Citizenship.

3.  There is complete diversity of citizenship between the parties. Plaintiff alleges that she is a citizen and resident of the State of Alabama. See ¶ 1 of the Complaint. Public information confirms her residency. Exhibit 3

4.  Defendant, Alabama CVS Pharmacy, L.L.C. is, and at the time of filing of this action was, a limited liability company whose sole member is CVS Pharmacy, Inc., which is, and at the time of the filing of this action was, a corporation existing under the laws of the state of Rhode Island, having its principal place of business in the State of Rhode Island. Thus, Alabama CVS Pharmacy, L.L.C. is considered a citizen of the State of Rhode Island for purposes of determining federal diversity jurisdiction. See *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004); *Ala. Aggregate, Inc. v. Powerscreen Crushing & Screening, LLC*, 2021 U.S. Dist. LEXIS 168926 (M.D. Ala. 2021)

5.  There are no other individuals or entities identified as defendants in Plaintiff's Complaint other than fictitiously.

6. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

## Amount in Controversy

7. Upon information and belief, the amount in controversy in this action, exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff claims that on or about November 8, 2020, she was on the premises of a CVS Store located at 202 W. Martin Luther King Hwy., Tuskegee, Alabama and "was injured when the automatic door on said premises malfunctioned and slammed shut as she was entering the store" and that she "was pinned between the two doors."(Complaint,¶ 6) She further alleges that "as a result of the door malfunctioning, Plaintiff sustained serious bodily injuries." (Complaint,¶ 9)

8. Plaintiff alleges that CVS "had actual and/or constructive notice that the dangerous condition and failed to exercise reasonable care with respect to maintenance of said premises, thereby negligently or wantonly failing to discover and remove this condition." (Complaint,¶ 12,15)

8. Plaintiff does not specify the amount of damages claimed, saying that: "… a direct and proximate result of such negligence, recklessness and/or wantonness, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against the Defendant … in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law. "

(Complaint,¶ )   Although the monetary amount of damages claimed is not specified, the nature and extent of Plaintiff's personal injuries, treatment and description of damages supports the conclusion that the amount in controversy exceeds $75,000.

9. It is unknown at this filing whether Plaintiff disputes that the amount in controversy exceeds $75,000. In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 553-54, 190 L. Ed. 2d 495 (2014) the United States Supreme Court explained that, when the amount in controversy is in dispute, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"). As explained by the Court in *Santana v. Coggin Chevrolet LLC*, 2017 U.S. Dist. LEXIS 44985, 2017 WL 1149330:

> The Supreme Court recently clarified the procedure for evaluating the amount in controversy for diversity jurisdiction purposes in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). There, the Court observed that:
>
> When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. ... If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval ... is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision ... clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the

> court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

*Dart*, 135 S. Ct. at 553-54 (footnote omitted)

10. In addition, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, at 1061-62 11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th. Cir. 2010). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. A district court does not have to "suspend reality or shelve common sense" in determining whether the jurisdictional burden has been met. *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) (quoted with approval in *Pretka*, 608 F.3d at 770). See also, *Ingram v. Hobby Lobby Stores, Inc.*, 2019 U.S. Dist. LEXIS 124095 (remand denied where injuries and inability to return to work together with medical expenses of $37,223.82).

11. In assessing whether the amount in controversy exceeds $75,000, District Courts may consider any "amended pleading, motion, order or other paper". 28 U.S.C. § 1446(b) (emphasis added); see also *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007). Alabama District Courts have consistently held

that settlement offers and demand letters qualify as "other paper" under § 1446(b). *Lowery, supra*; see also, *Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (denying motion to remand because $150,000 settlement demand evidenced amount in controversy exceeding $75,000); *McCullough v. Plum Creek Timberlands, L.P.*, 2010 WL 55862 *4 (M.D. 2010) (denying motion to remand because "[i]n keeping with the recognition that a settlement letter constitutes 'other paper' within the meaning of § 1446(b), this court has previously held that 'a settlement letter is admissible evidence of the amount in controversy at the time of removal.' " (quoting Bankhead)); *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1282, (S.D. Ala. 2009)(denying motion to remand because "a settlement offer can of course constitute an 'other paper' within the meaning of 28 U.S.C. § 1446(b).").

Here, Plaintiff submitted a pre-suit demand letter that included the following paragraph:

> Mrs. Macon sustained severe physical and emotional injury. CVS Pharmacy had a duty to properly maintain the automatic doors that malfunctioned causing Mrs. Macon's injuries. Based on the foregoing facts, pain and suffering, emotional distress, and mental anguish, Fannie Macon has authorized this firm to make a demand in the amount of $650,000 to settle her claim against CVS Pharmacy.

12. <u>Personal Injuries/ Physical pain and suffering</u>: Plaintiff's claim that she sustained "serious bodily injuries" is evidence that supports a finding that the amount in controversy exceeds $75,000. In *Mason v. Sunbeam Prods.*, 2017 U.S. Dist. LEXIS 61526, 2017 WL 1437514) Plaintiff claimed that a heating pad manufactured by Defendant failed to shut off and caused burn injuries to his left calf, scarring on his left calf, pain and suffering, surgical procedures, and "past and future hospital, doctor, therapy, and prescription expenses." Plaintiff only sought compensatory damages from Defendant but failed to include a specific monetary amount demanded as damages. The Court noted that Defendant's notice of removal listed several suits where Alabama juries have awarded verdicts greater than $75,000 for negligence and products liability claims and denied Plaintiff's Motion to Remand explaining:

> Alabama law requires a jury to award sufficient compensation for pain and suffering damages, in addition to a plaintiff's uncontradicted special damages. *Allen v. Briggs*, 60 So. 3d 899, 905 (Ala. Civ. App. 2010). In *Allen*, a negligence action arising from a motor vehicle accident, the Alabama Court of Civil Appeals affirmed a $30,000 verdict that included approximately $14,000 for uncontroverted special damages and approximately $16,000 in compensation for other damages, including pain and suffering. See id. at 905-06. If a jury awarded Plaintiff pain and suffering damages roughly equivalent to the medical expenses established by the hospital lien, then that jury would award Plaintiff a verdict which well exceeds $75,000. Based on the court's commonsense valuation, and informed by reasonable deduction, the court concludes that "[w]hile it would be speculative to specify

the exact dollar amount at issue in this case, it is not speculative" to conclude that it exceeds $75,000. *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009).

13. <u>Mental anguish and future mental anguish</u>: Although the Complaint does not specifically mention damages for mental anguish, it does seek all other relief to which Plaintiff is entitled by law. (Complaint ¶ 9) In addition, a communication from Plaintiff's counsel reflects an intent to claim damages for emotional distress and mental anguish as a component of her compensatory damages claim. (See paragraph 11) Mental anguish includes anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, and inconvenience." *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44, 53 (Ala. 2001). Under Alabama law, where liability is proven, the verdict must include an amount at least as high as the uncontradicted special damages, as well as an amount sufficient to make any compensation for pain and mental suffering. *Shannon v. Miller*, 644 So. 2d 9, 10 to 644 So. 2d 9, 11 (Ala. Civ. App. 1994); *Nemec v. Harris*, 536 So. 2d 93 (Ala. Civ. App. 1988). However, "there is no fixed standard for determining the amount of compensatory damages a jury may award for mental anguish." *Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 837 (Ala. 1999).

14. <u>Claim for Wantonness and Punitive Damages</u>: As noted above, the Complaint includes a claim for punitive damages. (Complaint ¶¶ 13, 18, 25). When reviewing the face of the Complaint, the court must consider punitive damages

unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Holley Equip. co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Jones v. Novartis Pharm. Co.*, 952 F.Supp. 2d 1277, 1284 (N.D. Ala. 2013) (considering demand for punitive damages in assessment of amount in controversy for removal purposes); *Blackwell v. Great American Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009) (reasoning that the amount in controversy had been met because, in part, "a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum."). Using the *Blackwell* analysis, if all of the compensatory damages claimed by Plaintiff total slightly over $25,000, a punitive damages award would create and amount in controversy that exceeds the jurisdictional minimum. Here, even a modest award for pain and suffering and mental anguish when added to the medical specials and some amount of punitive damages would easily result in a verdict exceeding $75,000.00.

15. <u>Prior Verdicts for Comparison</u>: There have been a number of Alabama premises liability and other cases that resulted in compensatory damage awards in excess of $75,000. See, e,g. *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737 (Ala. 2009) ($85,000 in compensatory damages where customer fell over two unopened cases of merchandise while shopping in the retailer's store) and the cases highlighted in Exhibit 4 that consists of cases reported in the Alabama Jury Verdict Reporter.

## Diversity Jurisdiction.

16. This action is one under which the Court has jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which Plaintiff is a resident of the State of Alabama, and the Defendants are not, and in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## Timeliness of Notice of Removal.

17. Defendant was served with the Summons and Complaint on October 13, 2021. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

## Relief Requested.

18. Defendant requests that the United States District Court for the Middle District of Alabama, Eastern Division, assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: October 26, 2021.

Respectfully submitted,

Defendant,
**Alabama CVS Pharmacy L.L.C.**
By its attorney,

_____
J. Allen Sydnor, Jr. (ASB-0517-D55J)

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, Alabama 35243
Telephone (205) 251-1193
Facsimile (205) 251-1256
asydnor@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **NOTICE OF REMOVAL OF DEFENDANT, ALABAMA CVS PHARMACY L.L.C**. has been electronically served upon:

Gerald C. Brooks (BRO212)
Tiffany L. Tolliver (TOL014)
SERIOUS INJURY LAW GROUP, P.C.
9617 Parkway East
Birmingham, AL 35215
Tel: (205) 206-7070
Fax: (205) 206-7071
gerald@seriouslawyers.com
tiffany@seriouslawyers.com

on October 26, 2021.

Of Counsel