ELECTRONICALLY FILED
10/8/2021 1:05 PM
46-CV-2021-900112.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| FANNIE MACON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-2021_____ |
| ) | |
| ) | |
| ALABAMA CVS PHARMACY, L.L.C. ) | |
| and FICTIOUS DEFENDANTS "A", ) | JURY TRIAL DEMAND |
| "B", AND "C," whether singular or ) | |
| plural, those persons, corporations, firms ) | |
| or other entities whose wrongful conduct ) | |
| caused the injuries and damages to ) | |
| Plaintiff; all of whose true and correct ) | |
| names are unknown to the Plaintiff at ) | |
| this time, but will be added by ) | |
| amendment when ascertained, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

---

### STATEMENT OF JURISDICTION

Plaintiff, Fannie Macon, by and through her undersigned attorney, allege upon information and belief as to all other matters, that this cause of action is based on negligence and/or wantonness within the limits of Macon County, Alabama.

### STATEMENT OF THE PARTIES

1. Plaintiff, Fannie Macon (hereinafter "Plaintiff Fannie"), is an individual over the age of majority and is a resident citizen of Macon County, Alabama.

2. Upon best information and belief, Defendant Alabama CVS Pharmacy, L.L.C. (hereinafter "Defendant CVS"), is a domestic limited liability company within the State

of Alabama. For service of process, its registered agent is C T Corporation and can be served at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

3. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained.

4. The term Defendants as used herein shall collectively refer to the named Defendant and Fictitious Defendants "A-C" unless otherwise noted.

## STATEMENT OF FACTS

5. On or about September 23, 2020, Defendant CVS was engaged in the operation of a pharmacy located at 202 W. Martin Luther King Hwy., Tuskegee, Alabama 36083.

6. On or about November 8, 2018, Plaintiff Fannie was on the premises owned by Defendant CVS located at 202 W. Martin Luther King Hwy., Tuskegee, Alabama 36083.

7. On said date, Plaintiff, through no fault of her own, was injured when the automatic doors on said premises malfunctioned and slammed shut as she was entering the store. Plaintiff Fannie was pinned between the two doors.

8. On said date, Plaintiff was not warned of the dangerous condition by Defendant or any of its employees.

9. As a result of the door malfunctioning, Plaintiff sustained serious bodily injuries.

## COUNT I: NEGLIGENCE

10. Plaintiff re-alleges all prior paragraphs of the Complaint as it set out here in full.

11. On said date and occasion, Defendant CVS knew or should have known of the dangerous condition and were under a duty to exercise reasonable care to make sure that CVS's premises was reasonably safe for the Plaintiff as an invitee.

12. Defendants, named and factiously described, breached their lawful duty by negligently, wantonly, and/or willingly failing to exercise reasonable care to make sure that the store's premises was reasonably safe for Plaintiff as an invitee. Furthermore, the Defendant had actual and/or constructive notice that the dangerous condition and failed to exercise reasonable care with respect to its maintenance of said premises, thereby negligently or wantonly failing to discover and remove this condition.

13. As a proximate consequence of the Defendants' negligence and/or wantonness, the Plaintiff was caused to suffer injuries and damages.

**WHEREFORE, PREMISES CONSIDERED,** as a direct and proximate result of such negligence, recklessness, and/or wantonness, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against the Defendant and all fictitious party Defendants in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT II- RECKLESSNESS & WANTONNESS

14. Plaintiffs re-allege all prior paragraphs of the Complaint as if set forth herein.

15. Defendant CVS and/or Fictitious Defendants named and described in the caption above, breached their lawful duty by wantonly or willfully failing to exercise reasonable care to make sure that the store's premises was reasonably safe for the Plaintiff as an invitee. Furthermore, Defendant Boone had actual notice and/or constructive notice of this

condition and failed to exercise reasonable care with respect to its maintenance of said premises, thereby wantonly failing to discover and remove this condition.

16. The Plaintiff avers that the acts and conduct of Defendant CVS and/or Fictitious Defendants named and described in the caption above, on said occasion, constitutes statutory recklessness and wantonness.

17. As a proximate result of the breach of said duty by the Defendants as aforesaid, the Plaintiff was caused to sustain serious bodily injuries.

18. The Plaintiff avers that all of her injuries and damages are a proximate result of the willful and wanton actions and/or inactions of Defendant CVS.

19. With regard to the Plaintiff's claim for punitive damages, the Plaintiff avers that at said time and place, the Defendant consciously or deliberately engaged in wantonness with regard to the Plaintiff, within the meaning of Ala. Code § 6-11-20 (1975), with a reckless and conscious disregard for the rights and safety of the Plaintiffs and others.

**WHEREFORE, PREMISES CONSIDERED,** as a direct and proximate result of such negligence, recklessness, and/or wantonness, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against the Defendant and all fictitious party Defendants in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

### COUNT III- NEGLIGENT HIRING, TRAINING, AND SUPERVISION

20. Plaintiffs re-allege all prior paragraphs of the Complaint as if set forth herein.

21. At all times relevant to the Complaint, Defendant CVS was directly responsible for the hiring, training, and supervision of employees, agents, and staff at CVS.

22. Defendant CVS was negligent in its hiring, training, and supervision of its employees. Specifically, CVS failed to use reasonable care in training and supervising its employees in proper maintenance and inspection of the store's premises.

23. Defendant CVS knew or should have known of the dangerous condition that existed on its premises at the time Plaintiff was an invitee and failed to take any corrective action.

24. Defendant CVS breached its duty by not acting reasonably in hiring, training, and supervising its employees.

25. Defendants' negligent failure to use reasonable care in its hiring, training, and supervising of its employees was the cause-in-fact and proximate cause of the severe injuries suffered by Plaintiff as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** as a direct and proximate result of such negligence, recklessness, and/or wantonness, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against the Defendant and all fictitious party Defendants in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT IV- FICTITIOUS DEFENDANTS

26. Plaintiffs re-allege all prior paragraphs of the Complaint as if set forth herein.

27. Fictitious Defendants "A-C" are also liable under the foregoing counts and negligence, wantonness, and/or recklessness, Plaintiffs suffered injuries and damages as alleged in the above paragraphs.

**WHEREFORE, PREMISES CONSIDERED,** as a direct and proximate result of such negligence, recklessness, and/or wantonness, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against the Defendant and all fictitious party Defendants in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

Respectfully submitted,

/s/ Gerald C. Brooks
**GERALD C. BROOKS (BRO212)**

/s/ Tiffany L. Tolliver
**TIFFANY L. TOLLIVER (TOL014)**

**OF COUNSEL:**
**SERIOUS INJURY LAW GROUP, P.C.**
9617 Parkway East
Birmingham, Alabama 35215
Tel: (205) 206-7070
Fax: (205) 206-7071
Email: gerald@seriouslawyers.com
Email: tiffany@seriouslawyers.com

---

**Please Serve Defendant At:**

Alabama CVS Pharmacy, L.L.C.

C/O C T Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104.