IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FANNIE MACON,                          )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )          CASE NO. 3:21-CV-724-KFP
                                       )
ALABAMA CVS PHARMACY, L.L.C.,          )
                                       )
      Defendant.                       )

## MEMORANDUM OPINION AND ORDER

Upon consideration of Defendant's Motion for Leave to Serve Limited Discovery to Plaintiff Regarding Jurisdiction (Doc. 13), it is ORDERED that the motion is GRANTED, as set forth below:

## I.      INTRODUCTION

In Plaintiff's Complaint, she alleges she was injured when the automatic door on Defendant's premises malfunctioned and slammed shut as she was entering the store, causing her to be pinned between two doors. Doc. 1-1 at 2. She brings claims of negligence, wantonness, and negligent hiring, training, and supervision, and she seeks unspecified compensatory and punitive damages for her "serious bodily injuries." *Id*. at 2–5.  Defendant removed the case from the Circuit Court of Macon County based on diversity jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). Doc. 1. Plaintiff then filed a Motion to Remand, arguing that Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000. *See* Doc. 5. In response, Defendant contends that, among other things, Plaintiff's medical records, which reflect medical expenses of $8,800 and

continued pain and suffering, establish that the amount in controversy exceeds $75.000. In the instant motion, Defendant seeks permission to conduct limited written discovery pertaining to the amount in controversy before the Court rules on Plaintiff's motion to remand. Doc. 13 at 1.

## II.    STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside of this limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a defendant's right to remove and a plaintiff's right to choose his forum are "not on equal footing." *Id.* Accordingly, a defendant's removal burden is a heavy one. *Id.* If a plaintiff fails to make a specific demand for damages in the complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When a defendant removes a case within the first thirty days after receipt of the initial complaint, a court considers both the initial complaint and other evidence introduced by the defendant. *See Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1223–24 (M.D. Ala. 2021) (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–754 (11th Cir. 2010)). A court may use "'deduction, inference, or other extrapolation' to determine whether the

relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Sullins,* 511 F. Supp. 3d at 1224 (quoting *Pretka*, 608 F. 3d at 753). When a court is presented with a notice of removal without facts or specific allegations, "it may not speculate or divine 'by looking at the stars' the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753).

## III.   DISCUSSION

In seeking remand, Plaintiff does not dispute that complete diversity exists; she argues only that Defendant has failed to meet its burden of establishing that the amount in controversy exceeds the $75,000 threshold required by 28 U.S.C § 1332. Doc. 5 at 4–8. Because the Complaint does not describe the nature of Plaintiff's injuries or medical treatment, determining a "value would be an exercise in impermissible speculation." *Goosby v. Briggs*, No. 2:20-CV-766-ECM, 2021 WL 298817, at *2 (M.D. Ala. Jan. 28, 2021) (citing *Piard v. VRP Transportation, Inc.*, No. 3:18-CV-847-WKW, 2019 WL 210402, at *5 (M.D. Ala. Jan. 15, 2019)). Upon review of the record, however, the Court concludes that Defendant has shown enough through the Complaint's allegation of "serious bodily injuries," along with medical records reflecting continued pain and suffering, to justify post-removal discovery. *See id.* (citing *Piard*, 2019 WL 210402, at *2 and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (indicating in a Class Action Fairness Act removal that a district court may permit post-removal discovery and make jurisdictional findings under the preponderance-of-the-evidence standard when the amount in controversy is in dispute after removal) (in turn citing H.R. Rep. No. 112-10, p.

16 (2011))). The Court will allow discovery limited to evidence relevant to the amount in controversy at the time of removal.

## IV.   CONCLUSION

Accordingly, it is ORDERED as follows:

1.      Defendant's Motion for Leave to Serve Limited Discovery to Plaintiff Regarding Jurisdiction (Doc. 13) is GRANTED.

2.      Defendant may serve the written interrogatories and requests for admission submitted with its motion (Doc. 13 at 5–10) on Plaintiff within seven days of this Order.

3.      Plaintiff must respond to Defendant's written interrogatories and requests for admission within 30 days of service.

Done this 6th day of December, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE